# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Pamela Rauman | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| v. | |
| Global Credit & Collection Corporation | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Greendale, Wisconsin at all times relevant to this action.

2. Defendant is a New York corporation that maintained its principal place of business in Williamsville, New York at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation allegedly owed to Capital One, which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

12. On or around July 19, 2010, Plaintiff retained an attorney to file bankruptcy.

13. On or around August 23, 2010, Defendant's employee ("V.J.") telephoned Plaintiff in connection with the collection of the debt.

14. During this communication, Plaintiff notified V.J. that Plaintiff had retained an attorney and provided her attorney's contact information, but V.J. replied by falsely representing that Plaintiff could not file bankruptcy and that if she tried, Defendant and/or Capital One would contest it.

15. During this communication, V.J. then continued to demand payment of the debt and stated that Defendant was pursuing a judgment against Plaintiff and that Defendant had already identified the assets that they would seize in order to satisfy the judgment.

16. Despite knowledge that Plaintiff was represented by an attorney, Defendant telephoned Plaintiff in connection with the collection of the debt again on or around August 28, August 30, and September 2, 2010.

17. Defendant caused Plaintiff emotional distress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

20. In support hereof, Plaintiff incorporates paragraphs 13-16 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

22. In support hereof, Plaintiff incorporates paragraphs 13-15 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

24. In support hereof, Plaintiff incorporates paragraphs 13-16 as if specifically stated herein.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Fax: 312-822-1064
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff